UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IRA BOATNER                                              CIVIL ACTION

v.                                                       NO. 18-10043

C&G WELDING, INC., ET AL.                                SECTION "F"

ORDER AND REASONS

Before the Court is the motion of C&G Welding and Shore Offshore for partial summary judgment dismissing Ira Boatner's claim for maintenance and cure. For the reasons that follow, the motion is GRANTED.

**Background**

This is a Jones Act case that arises from a shoulder injury a rigger suffered while lifting a bundle of cable slings aboard a barge. The motion before the Court raises one question: Has the rigger forfeited his right to maintenance and cure by skipping over 75% of the physical therapy sessions his doctor deemed "absolutely critical" to his recovery? He has.

1

Ira Boatner worked as a rigger for C&G Welding aboard a derrick barge owned by Shore Offshore. He tore his left rotator cuff while lifting a bundle of cable slings. C&G Welding promptly paid him maintenance and cure.

Four months after his injury, Boatner visited a surgeon, Dr. Felix Savoie. Dr. Savoie recommended that Boatner undergo arthroscopic surgery. He noted that Boatner would "require 6 months of physical therapy to return to his heavy-duty occupation" after the surgery. It was "absolutely critical," he added, that "therapy once started some 6-8 weeks post-surgery not be interrupted."

Two months after that visit, Dr. Savoie performed arthroscopic surgery on Boatner's left shoulder. It succeeded. To ensure the shoulder kept improving, Dr. Savoie ordered Boatner to complete eighteen sessions of physical therapy. Boatner did not comply: He attended just six sessions, citing "transportation" issues. He says he relied on a friend for transportation because he wrecked his car; when his friend moved, he lost his ride to therapy. He did not tell anyone at C&G Welding about his transportation troubles.

Ten months after his surgery, Boatner saw Dr. Savoie for a follow-up. Dr. Savoie said Boatner's shoulder was "not quite as good as I had hoped because therapy was discontinued." By then, Dr. Savoie "thought [he] would be releasing" Boatner to return to

work. Instead, Boatner's shoulder health was deteriorating. To prevent further deterioration, Dr. Savoie again ordered Boatner to attend physical therapy. But Boatner—again—failed to attend. He skipped sixteen of the eighteen sessions prescribed this second round. In total, he has missed twenty-eight of thirty-six physical therapy sessions—over 75% of them

Boatner sued C&G Welding and Shore Offshore under the Jones Act and general maritime law. He says his shoulder injury was caused by the negligence of the defendants and the unseaworthiness of the barge. He asks for punitive and compensatory damages, attorneys' fees, and payments of maintenance and cure.

Now, C&G Welding and Shore Offshore move for partial summary judgment dismissing Boatner's claim for maintenance and cure.

I.

Summary judgment is proper if the record discloses no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit." Id. at 248.

If the non-movant will bear the burden of proof at trial, the movant "may merely point to an absence of evidence, thus shifting

to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." In re La. Crawfish Producers, 852 F.3d 456, 462 (5th Cir. 2017) (citation omitted).

The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See Anderson, 477 U.S. at 248. Nor do "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation[.]" Brown v. City of Houston, Tex., 337 F.3d 539, 541 (5th Cir. 2003). Ultimately, to avoid summary judgment, the non-movant "must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial." LeMaire v. La. Dep't of Transp. & Dev., 480 F.3d 383, 387 (5th Cir. 2007).

In deciding whether a fact issue exists, the Court views the facts and draws all reasonable inferences in the light most favorable to the non-movant. See Midwest Feeders, Inc. v. Bank of Franklin, 886 F.3d 507, 513 (5th Cir. 2018). And the Court "resolve[s] factual controversies in favor of the nonmoving party," but "only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Antoine v. First Student, Inc., 713 F.3d 824, 830 (5th Cir. 2013) (citation omitted).

II.

C&G Welding and Shore Offshore move for summary judgment dismissing Boatner's claim for maintenance and cure. Their motion turns on the question whether Boatner has forfeited his right to maintenance and cure by "willfully rejecting" or "unreasonably refusing" medical care.

A.

A Jones Act employer owes an "absolute, non-delegable duty" to pay maintenance and cure to a seaman who "becomes ill or suffers an injury while in service of the vessel." In re 4-K Marine, L.L.C., 914 F.3d 934, 937 (5th Cir. 2019). "Maintenance" is "a per diem living allowance for food and lodging." Id. at 937. "Cure" is "payment for medical, therapeutic, and hospital expenses." Id.

A seaman forfeits his right to maintenance and cure in "well-defined and narrowly limited circumstances." Oswalt v. Williamson Towing Co., 488 F.2d 51, 53 (5th Cir. 1974). Two circumstances are relevant here.

The first is when the seaman "unreasonabl[y] refus[es] to accept medical care." Id. at 53 (citing Brown v. Aggie & Millie, Inc., 485 F.2d 1293 (5th Cir. 1973)). When the seaman "voluntarily stops short" of maximum medical improvement by "refusing medical attention," the "justification for the payments likewise ceases." Oswalt, 488 F.2d at 54 (citing Brown, 485 F.2d at 1293).

5

The second is when the seaman "willful[ly] reject[s]" the "recommended medical aid." Coulter v. Ingram Pipeline, Inc., 511 F.2d 735, 737 (5th Cir. 1975). This rule, though, is "not inexorably applied." Id. at 737. For example, a seaman does not forfeit his right to maintenance and cure if he has "reasonable grounds for refusing care." Id. Nor will forfeiture follow if "extenuating circumstances" make his "failure to follow the prescribed regimen either reasonable or something less than a willful rejection." Id. at 737-38.

### B.

Invoking these authorities, C&G Welding and Shore Offshore contend that Boatner forfeited his right to maintenance and cure by failing to attend over 75% of the physical therapy sessions his surgeon ordered.

The Court agrees. Boatner knew that physical therapy was "absolutely critical" to his recovery yet skipped twenty-eight of thirty-six sessions. He claims his lack of "transportation" prevented him from attending, but the excuse is an unreasonable one. He revealed that transportation was a problem only when deposed; by then, he had missed twelve sessions. And he is still skipping sessions. As recently as July 9, 2020, while this motion was pending, Boatner no-showed for a session. His repeated failure to attend physical therapy amounts to an "unreasonable refusal to

6

accept medical care." Oswalt, 488 F.2d at 53. He has, in effect, "quit participation in a course of therapy already begun," id. at 53-54, and his truancy has harmed his shoulder health. Had he attended physical therapy, his doctor says, he would have recovered by October 2019. It is now July 2020.

Boatner does not dispute that he missed twenty-eight of thirty-six physical therapy sessions. Instead, he says that "extenuating circumstances" excuse his absenteeism. He is mistaken. To excuse the skipped sessions, the "extenuating circumstances" must make his "failure to follow the prescribed regimen reasonable or something less than a willful rejection." Coulter, 511 F.2d at 738. As noted, his "transportation" troubles do not render reasonable his failure to attend over 75% of the physical therapy sessions his surgeon ordered. Boatner offers no reasonable explanation for his failure to attend twenty-eight sessions; that is because there is but one reasonable explanation, and it is unfavorable to him: He deliberately failed to attend the sessions—that is, he "willful[ly] reject[ed]" them. Coulter, 511 F.2d at 738; see also "Willful," AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE at 1982 (5th ed. 2016) ("Said or done on purpose; deliberate").[1]

---

[1] A Justice of the United States Supreme Court and a leading lexicographer have said that the American Heritage Dictionary of the English Language is among "the most useful and authoritative

Boatner's second argument is as flawed as his first. Abandoning "extenuating circumstances," he says summary judgment is improper because no evidence shows that the sessions he missed were "significant enough." He is again mistaken. His surgeon, Dr. Savoie, said "lack of therapy" is *the* reason Boatner has not returned to work. According to Dr. Savoie, Boatner would have recovered by October 2019—over eight months ago—if Boatner had completed the scheduled sessions. The skipped sessions carry clear significance, and Boatner's contention to the contrary lacks merit.[2]

In skipping session after session, Boatner "voluntarily stop[ped] short" of maximum medical recovery. Oswalt, 488 F.2d at 54. Paying him maintenance and cure is no longer justified. See id. Because the justification for the payments no longer exists, the "interests and principles protected by the rule of forfeiture would be served . . . by its application" here. Coulter, 511 F.2d at 739. The Court thus holds that Boatner has forfeited his right to receive further payments of maintenance and cure. See, e.g.,

---

for the English language" for the period of 2001 to the present. See Antonin Scalia & Bryan A. Garner, A Note on the Use of Dictionaries, 16 Green Bag 2d 419, 423, 427-28 (2013).

[2] Boatner says he missed some sessions "due to other issues including the physical therapy facility cancelling the remaining visits and requiring Mr. Boatner to get a new order." He cites no record evidence to support the assertion.

Atl. Sounding Co. v. Vickers, 782 F. Supp. 2d 280, 286 (S.D. Miss. 2011) (seaman forfeited right to further payments of maintenance and cure because he failed to complete the "physical therapy regimen" his doctor prescribed), aff'd, 454 F. App'x 343 (5th Cir. 2011).

III.

Boatner forfeited his right to maintenance and cure by failing to attend twenty-eight of the thirty-six physical therapy sessions his surgeon ordered. Accordingly, IT IS ORDERED: that C&G Welding and Shore Offshore's motion for partial summary judgment is GRANTED. Boatner's claim for maintenance and cure is DISMISSED with prejudice. No further payments need be made.

New Orleans, Louisiana, July 30, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE